JAMES LOUDON & CO., INC., ARCADIA METAL PRODUCTS, INC. *v.* UNITED STATES (No. 4994)[1]

United States Court of Customs and Patent Appeals, January 19, 1960

*Barnes, Richardson & Colburn*, (*Joseph Schwartz*, of counsel) for appellants.
*George Cochran Doub*, Assistant Attorney General, *Richard E. FitzGibbon*, Chief, Customs Section (*Richard H. Welsh*, trial attorney, of counsel), for the United States.

[Oral argument December 3, 1959, by Mr. Schwartz and Mr. FitzGibbon]

Before WORLEY, Chief Judge, and RICH, MARTIN and SMITH, Associate Judges, and Judge WILLIAM H. KIRKPATRICK [2]

WORLEY, Chief Judge, delivered the opinion of the court:

This appeal is from the judgment of the United States Customs Court, Second Division, C.D. 2054, overruling the importers' protest and sustaining the collector's classification of merchandise consisting of cold rolled, mild steel sections of various lengths for use in the installation of sliding glass doors and windows, as "steel not specially provided for" under paragraph 304 of the Tariff Act of 1930. The importers claimed classification under paragraph 312 as structural shapes of steel.

Paragraph 304, as modified by the Annecy Protocol to the General Agreement on Tariffs and Trade, T.D. 52373, so far as pertinent, reads:

---

[1] C.A.D. 731.
[2] United States Senior District Judge for the Eastern District of Pennsylvania, designated to participate in *place of Judge O'Connell*, pursuant to provisions of Section 294(d), Title 28, United States Code.

\* \* \* or stamped shapes, not advanced in value or condition by any process or operation subsequent to the process of stamping; \* \* \* and steel not specially provided for; all the foregoing:

| | | | | | | |
|---|---|---|---|---|---|---|
| \* | \* | \* | \* | \* | \* | \* |

Valued above 8 and not above 12 cents per pound_____ 1¼¢ per lb.

Paragraph 304, as further modified by the Torquay Protocol to the General Agreement on Tariffs and Trade, T.D. 52739, so far as pertinent, reads:

\* \* \* or stamped shapes, not advanced in value or condition by any process or operation subsequent to the process of stamping; \* \* \* and steel not specially provided for; all the foregoing valued over 16 cents per pound_____ 12 ½% ad val.

Paragraph 312, as modified by the Torquay Protocol to the General Agreement on Tariffs and Trade, T.D. 52739, so far as pertinent, reads:

Beams, girders, joists, angles, channels, car-truck channels, tees, columns and posts, or parts or sections of columns and posts, and deck and bulb beams, together with all other structural shapes of iron or steel:

　Not assembled, manufactured or advanced beyond hammering, rolling, or casting_____ 0.1¢ per lb.
　Machined, drilled, punched, assembled, fitted, fabricated for use, or otherwise advanced beyond hammering, rolling, or casting_____ 7½% ad val.

The imported steel sections, in normal use, serve as tracks for guiding the upper and lower edges of sliding doors, and the importers' witness LeBon testified that they were primarily designed for that purpose. In addition, the record shows that the lower guiding member serves as a sill which rests on the floor and supports the traffic passing over it. Such support, however, would still be provided by the floor if the sill were removed. Further, the imported members serve to support stationary glass panels and to resist wind loads on the door and panels.

The Customs Court found that the primary function of the merchandise is that of a track and that the fact it sustains some loads such as wind stresses does not justify classification as structural shapes. We agree with that conclusion.

It has been repeatedly held that an element designed for use as part of a structure and, when so used, sustains some stresses does not, alone, make it a structural shape. *Otis McAllister & Co.* v. *United States*, 27 CCPA 4, C.A.D. 52; *European Trading Co.* v. *United States*, 19 CCPA 82, T.D. 45225; *United States* v. *Humble Oil & Refining Co., Leslie B. Canion, et al.*, 46 CCPA 138, C.A.D. 717. As was said in the last case:

\* \* \* Whether a particular article falls within the meaning of that term (structural shapes) must be determined on the basis of the particular circumstances of the case under consideration, including the purpose for and manner in which the article is used, as well as whether or not it forms a part of a structure.

A consideration of the circumstances of the instant case leads to the conclusion that the imported articles are primarily and essentially door-guiding elements, and that the relatively minor loads or stresses which they sustain are of a secondary nature and do not entitle them to be classified as structural shapes.

Appellants rely heavily on *C. J. Tower & Sons* v. *United States*, 42 CCPA 161, C.A.D. 589, in which certain elevator door sills were held to be structural shapes. While the sills there were similar to those in the instant case in that they served to guide the bottoms of sliding doors, they were fastened to the building's structural steel and supported the struts, the buck and the header as well as the door hangers and doors. On the other hand, as pointed out by the Customs Court, the instant sills are merely grouted or cemented in the foundation and are not necessarily connected to any structural member of the building. While the importers' witness Sheffet testified that the floor under the sill is "not reliable as a load carrying element" and that the portion of the sill over which a car passes delivers a load to the two upright portions of the sill, it is evident that the load transmitted is merely the minor one which might result from irregularities in the floor surface, since LeBon testified that the sill merely rests on the floor and that cars would be supported by the floor if the sill were not there.

We agree with the Customs Court that the situation in the *Tower* case is not controlling here.

The judgment is *affirmed*.